UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARK DOWNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19CV1844 SPM |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

Plaintiff Mark Downey, an individual with a mailing address in McLean Virginia, seeks leave to proceed in forma pauperis in this civil action. Having reviewed plaintiff's financial information, the Court will grant the motion. *See* 28 U.S.C. § 1915(b).

**Standard on Initial Review**

Because plaintiff is declared indigent under 28 U.S.C. § 1915(a)(1), the Court is required to dismiss his claims if they are frivolous or otherwise do not state a legally cognizable cause of action. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff has filed this eighty-one page civil complaint against the "United States of America & et al." At various points in his complaint he names as defendants William Barr, Jeffrey B. Jenson, and Timothy C. Wentworth (CEO, Express Scripts). This complaint was one of at least forty-one such complaints plaintiff filed against the United States in the district courts throughout the nation in June, July, and August 2019.[1]

---

[1] *See Downey v. United States, et al.*, No. 5:2019cv05124 (W.D. Ark. Jul. 9, 2019); *Downey v. United States, et al.*, No. 5:2019cv04200 (N.D. Cal. Jul. 22, 2019); *Downey v. United States, et al.*, No. 4:2019cv03717 (N.D. Cal. Jun. 26, 2019); *Downey v. United States, et al.*, No. 5:2019cv04338 (N.D. Cal. Jul. 29, 2019); *Downey v. United States, et al.*, No. 1:2019cv00899 (Fed. Cl. Jun. 19, 2019), *Downey v. United States, et al.*, No. 1:2019cv01325 (Fed. Cl. Aug. 29, 2019), *Downey v. United States, et al.*, No. 1:2019cv01464 (Fed. Cl. Sept. 23, 2019); *Downey v. United States, et al.*, No. 1:2019cv01631 (Fed. Cl. Oct. 17, 2019); *Downey v. United States, et al.*, No. 1:2019cv02309 (D.C. Cir. Jul. 29, 2019); *Downey v. United States, et al.*, No. 1:2019cv01258 (D. Del. Jul. 5, 2019); *Downey v. United States, et al.*, No. 1:2019cv01212 (D. Del. Jun. 27, 2019); *Downey v. United States, et al.*, No. 6:2019cv01636 (M.D. Fla. Aug. 22, 2019); *Downey v. United States, et al.*, No. 6:2019cv01637 (M.D. Fla. Aug. 22, 2019); *Downey v. United States, et al.*, No. 1:2019cv22678 (S.D. Fla. Jun. 26, 2019); *Downey v. United States, et al.*, No. 1:2019cv23519 (S.D. Fla. Aug. 22, 2019); *Downey v. United States, et al.*, No. 1:2019cv00406 (D. Haw. Jul. 29, 2019); *Downey v. United States, et al.*, No. 1:2019cv00077 (N.D. Iowa Jul. 9, 2019); *Downey v. United States, et al.*, No. 5:2019cv00391 (E.D. Ky. Sept. 24, 2019); *Downey v. United States, et al.*, No. 1:2019cv11414 (D. Mass. Jun. 26, 2019); *Downey v. United States, et al.*, No. 1:2019cv11536 (D. Mass. Jul. 12, 2019); *Downey v. United States, et al.*, No. 1:2019cv11650 (D. Mass. Jul. 31, 2019); *Downey v. United States, et al.*, No. 1:2019cv11651 (D. Mass. Jul. 31, 2019); *Downey v. United States, et al.*, No. 1:2019cv11804 (D. Mass. Aug. 22, 2019); *Downey v. United States, et al.*, No. 8:2019cv01872 (D. Md. Jun. 25, 2019); *Downey v. United States, et al.*, No. 8:2019cv01920 (D. Md. Jul. 10, 2019); *Downey v. United States, et al.*, No. 8:2019cv01891 (D. Md. Jul. 10, 2019); *Downey v. United States, et al.*, No. 4:2019cv00526 (W.D. Mo. Jul. 8, 2019); *Downey v. United States, et al.*, No. 3:2019cv00357 (W.D.N.C. Jul. 23, 2019); *Downey v. United States, et al.*, No. 3:2019cv00368 (W.D.N.C. Jul. 29, 2019); *Downey v. United States, et al.*, No. 3:2019cv00395 (W.D.N.C. Aug. 13, 2019); *Downey v. United States, et al.*, No. 1:2019cv05985 (S.D.N.Y. Jun. 26, 2019); *Downey v. United States, et al.*, No. 1:2019cv06646 (S.D.N.Y. Jul. 16, 2019); *Downey v. United States, et al.*, No. 1:2019cv07143 (S.D.N.Y. Jul. 29, 2019); *Downey v. United States, et al.*, No. 6:2019cv06480 (W.D.N.Y. Jun. 26, 2019); *Downey v. United States, et al.*, No. 1:2019cv01503 (N.D. Ohio Jul. 1, 2019); *Downey v. United States, et al.*, No.

As best the Court can discern, plaintiff seeks to file a *qui tam* action under "the False Claims Act and the Dodd Frank Act to recover numerous massive cost-overruns, excessive spending, delinquent accounts, fraud and undiscovered revenue recovery with the goal to eliminate the mounting $21 Trillion Federal Budget Deficit for our Children's Children." He states that he spent five years, working fifteen-hour days with no compensation to balance the federal budget. But, the United States "orchestrated a war" and the IRS "annulated his massive, unselfish, generous, extraordinary accomplishments which would have resulted in a Worldwide Economic Explosion." He states that the federal government rejected his proposals and destroyed many of the documents he submitted. He lists three pages of civil and criminal statutes that he alleges the United States has violated,.

For relief, plaintiff seeks more than $2,000 billion in damages.

**Discussion**

The Court finds that plaintiff's allegations are frivolous, and will dismiss the complaint for this reason under 28 U.S.C. § 1915(e)(2)(B). First, plaintiff cannot bring a *qui tam* action without representation. A litigant may bring his own claims to federal court without counsel, but not the claims of others. *See* 28 U.S.C. § 1654; *see also U.S. ex rel. Brooks v. Lockheed Martin Corp.*, 237 F. App'x 802, 803 (4th Cir. 2007) ("A lay person may not bring a *qui tam* action under the False Claim Act. . . . [T]he United States is the real party in interest, and the need for adequate legal representation on behalf of the United States counsels against permitting pro se suits.")

---

6:2019cv00218 (E.D. Okla. Jul. 10, 2019); *Downey v. United States, et al.*, No. 3:2019cv01710 (N.D. Tex. Jul. 17, 2019); *Downey v. United States, et al.*, No. 4:2019mc02278 (S.D. Tex. Jul. 31, 2019); *Downey v. United States, et al.*, No. 4:2019cv02983 (S.D. Tex. Aug. 12, 2019); *Downey v. United States, et al.*, No. 5:2019cv00754 (W.D. Tex. Jun. 26, 2019); *Downey v. United States, et al.*, No. 3:2019cv00596 (W.D. Wis. Jul. 22, 2019).

(internal citations omitted); *see also* 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1769.1 ("class representatives cannot appear pro se.").

To the extent plaintiff attempts to state a claim under the Dodd-Frank Act, this statute permits suits by whistleblowers regarding "information relating to a violation of the securities laws to the [SEC], in a manner established, by rule or regulation, by the [SEC]." 15 U.S.C. § 78u-6(a)(6). Plaintiff has alleged no basis for a claim under the Dodd-Frank Act.

Additionally, the complaint does not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Federal Rule 8(a)(2) requires a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." And Rule 10(b) requires a party to state its claims "in numbered paragraphs, each limited as far as practicable to a statement of a single set of circumstances." Plaintiff brings his complaint in forty-five counts, which span eighty-one pages. The complaint does not contain a short and plain statement showing that plaintiff is entitled to relief. The allegations are not simple, concise, or direct. And there are no numbered paragraphs. The complaint is subject to dismissal under Rule 41(b) and 28 U.S.C. § 1915(e).

Finally, plaintiff attempts to bring various claims against the United States under federal criminal statutes. To the extent that plaintiff is requesting this Court to initiate federal charges against itself or other defendants, the request is frivolous. Initiation of a federal criminal prosecution is a discretionary decision within the Executive Branch and is not subject to judicial compulsion. *See Ray v. United States Dept. of Justice*, 508 F. Supp. 724, 725 (E.D. Mo. 1981); 28 U.S.C. § 547(1).

For the foregoing reasons, the Court will order this action dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's (1) motion to quash sovereign immunity, (2) motion to accommodate the disabled, (3) motion to expedite and seal, and (4) motion to refer criminal case to the US Attorney are **DENIED as moot**. [ECF No. 3]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 31st day of October, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE